IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KIMBERLY MILLS, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, 　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　　) 　　Case No. CIV-15- 437-HE<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　) 　　JURY TRIAL DEMANDED<br>1. FIELD'S, INC., 　　　　　　　　) 　　ATTORNEY LIEN CLAIMED<br>　　　　　　　　　　　　　　　　)<br>　　　　　Defendant. 　　　　　　　) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Kimberly Mills, an adult resident of Garvin County, Oklahoma.

2. The Defendant is Field's, Inc., a company doing business in Garvin County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for sexual harassment and retaliation after she complained of such harassment in violation of Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act. Plaintiff also asserts a claim of retaliatory termination in violation of Oklahoma's public policy after Plaintiff complained of unsanitary conditions of Defendant's facility which produces pies and other items sold to the general public. Jurisdiction over the federal claims are vested pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. Plaintiff also asserts state law claims arising out of the same core of facts and jurisdiction over such claims are provided by 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Garvin County and the Defendant may be served in that county. Garvin County is located in the Western District of the United States District Court of Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and are a covered employer under Title VII. There is not a minimum employee requirement to be sued under Oklahoma's public policy doctrine.

6. The Defendant is a company which makes pies from scratch, bakes the pies, packages the pies, and sells the pies to the public through grocery stores and other entities. Defendant also sells the baked pies directly to the public through their facility located in Garvin County, Oklahoma. All steps in the creation of the pies, including the mixing of ingredients, baking of the pies and packaging of the pies, is done in Defendant's facility located in Garvin County, Oklahoma.

7. Plaintiff was employed by the Defendant from around August 23, 2011 until around October 29, 2014.

8. During her employment, Plaintiff began to notice highly unsanitary conditions in the Defendant's oven and packaging room, where the pies are baked, cooled and packaged. These conditions included:

   A. Plaintiff observed cockroaches crawling on and around the oven where the pies are cooked.

   B. Plaintiff observed employees swatting and killing flies in the packaging room next to the pies. The employees would leave the flies where they died, which was along side the pies and on the same surface where the pies were transported and placed until packaged.

   C. Plaintiff observed employees failing to clean all parts of the machines that transported the pies and that this resulted in mold on the conveyer belt and other equipment where the pies were made. The mold and mildew would rub off onto the pies as they were being packaged.

9. Beginning around October 6, 2014 Plaintiff's supervisor, Junior Valencia (spelling of last name approximate), began sexually harassing Plaintiff including, but not limited to, on a near daily basis Mr. Valencia would tell the Plaintiff about having sexual dreams about her, and he would stare at and talk about the Plaintiff's breasts.

10. Around October 14, 2014 Plaintiff reported both the sexual harassment and what she observed in the oven room, including the highly unsanitary conditions of the facility and equipment.

11. Plaintiff was terminated around the end of October, 2014.

12. The stated reason for terminating Plaintiff's employment was that she had threatened to report the unsanitary conditions to Conagra and BRC, companies who inspect the Defendant company to ensure sanitary conditions in its pie-making facility.

13. At the least, significant factors in the decision to terminate the Plaintiff's employment was her complaints of sexual harassment, her complaints of the unsanitary conditions (including Defendant's belief that Plaintiff would make such complaints to Conagra and BRC), or both.  Defendant's admission that Plaintiff was terminated for her reports of unsanitary conditions and/or Defendant's belief that Plaintiff would make such report is direct evidence that Plaintiff's termination violated Oklahoma public policy.

14. As a result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, lost wages (including past, present and future wages along with the value of benefits associated with such wages), and emotional distress/dignitary harm damages including worry, stress, anxiety and similar unpleasant emotions.

15. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on December 9, 2014.  The EEOC issued Plaintiff her right to sue letter on March 30, 2015 and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

## COUNT I

Plaintiff incorporates the above allegations and further pleads:

16. Sexual harassment in the form of a hostile working environment, and retaliation after Plaintiff complained of sexual harassment, violates Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

17. Under this Count Plaintiff is entitled to her lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages. Plaintiff is entitled to liquidated damages under the OADA.

18. Because the conduct of the Defendant was willful or, at the least, in reckless disregard to Plaintiff's protected rights, she is entitled to an award of punitive damages under federal law.

## COUNT II

Plaintiff incorporates the above allegations and further pleads:

19. Plaintiff's reports of unclean and unsanitary conditions were consistent with Oklahoma's public policy as set out in legal authority including O.A.C. § 310:257-5-1(requiring that food is safe); Safe, unadulterated, and honestly presented; O.A.C. § 310:257-5-30 (prohibiting food contact with unclean equipment); O.A.C. § 310:257-5-40 and O.A.C. § 310:257-5-45 (requiring protection of unpackaged food from sources of contamination); O.A.C. § 310:257-7-85 (requiring frequent cleaning of and prevention of accumulation of soil residues).

20. Termination of the Plaintiff for her reports and intent to make such reports violates Oklahoma's clearly established public policy as set out in the regulation, above.

21. Under this Count Plaintiff is entitled to her lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

22. Because the conduct of the Defendant was willful or, at the least, in reckless disregard to Plaintiff's protected rights, she is entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff prays that she be awarded her actual and liquidated damages herein together with emotional distress damages, punitive damages, all damages allowed under law, and costs, pre- and post-judgment interest, attorney's fees and costs and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 23rd DAY OF APRIL, 2015**.

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
Attorney Lien Claimed
Jury Trial Demanded